HERBERT M. KIMBALL, *Admr. vs.* MARY KELLY *et al.*

NOVEMBER 27, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity brought by the administrator of the estate of Emma K. Bushnell, late of Barrington, deceased, against the respondents, all of whom are of full age, as legatees and devisees under the will of Hugh Mooney, late of the city of Providence, deceased. The bill seeks to recover a deficiency on a promissory note secured by a mortgage deed of real estate, both instruments being executed by Mooney, which deficiency resulted from a foreclosure under such deed. The cause was heard by a justice of the superior court on bill, answer, replication and proof. Thereafter he filed a rescript denying and dismissing the bill. The complainant appealed to this court from a decree duly entered in accordance with the decision of the trial justice.

The facts are undisputed. The evidence shows that, on July 11, 1927, Hugh Mooney bought a piece of real estate in Providence from Emma K. Bushnell, giving her, in part payment of the purchase price, his promissory note for $6000, which note was secured by a mortgage deed of those premises. Following certain mesne conveyances that property was conveyed to Raymond B. and Alma L. Allen on June 27, 1937. No one of the grantees under Hugh Mooney assumed and agreed to pay the mortgage. From January 1937 to January

4, 1938, when Emma K. Bushnell died, interest on the note was in arrears and the taxes to the city of Providence were overdue and unpaid.

The complainant was appointed and qualified as administrator of Emma K. Bushnell's estate shortly after her death. On May 20, 1938, he, as such administrator, foreclosed and bought the property described in the Bushnell mortgage for $3000. Crediting this amount as part payment on the promissory note of that mortgage, he now seeks to recover from these respondents, as the beneficiaries under Mooney's will, an alleged deficiency of $3527.80 on such note.

Mooney died in Providence on September 22, 1936. He left a will which was proved October 30, 1936. The respondents are the beneficiaries named in the will. The first publication of notice of the qualification of the executor and of notice to creditors to file their claims was on November 27, 1936. The final account of the executor, showing distribution of the estate and no balance, was allowed by the probate court of the city of Providence on March 11, 1938, and no appeal therefrom was taken. Neither Emma K. Bushnell nor her administrator ever filed a claim against Mooney's estate in the probate court for the original debt of $6000 represented by the note and mortgage deed.

The present proceedings were instituted by the complainant under the provisions of general laws 1938, chapter 579, § § 19, 20, 21 and 22, as amended by public laws 1939, chapter 706, which, generally speaking, make the next of kin or the legatees and devisees of a deceased person liable, under certain conditions, for the payment of a *contingent claim,* after the settlement of the estate of such deceased person. Complainant's main contention in this cause is that the claim under Mooney's note and mortgage deed was a contingent claim, because it was impossible to determine whether there would be a deficiency in the payment of that note until there had been a foreclosure of the mortgage which

secured the note. We cannot agree with such a proposition, as it is a clear distortion of fundamental principles of the law of mortgages.

In *Hicks* v. *Wilbur*, 38 R. I. 268, this court held that claims arising in tort or for unliquidated damages were not contingent claims and must be filed against the estate of a deceased person in the probate court. The following definition of a contingent claim is found on page 272 of that opinion. "A contingent claim within the meaning of the statute is one that depends for its effect upon some future event which may or may not happen."

The definition of a contingent claim in the *Hicks* case, *supra,* which is in accord with the overwhelming weight of authority, is applicable and controls in the instant cause. In contending as he does, complainant here overlooks the fact that Mooney's promissory note, apart from the mortgage deed of the real estate, is the written and unequivocal evidence of an existing debt and there is no evidence to show that he was in any way released from the necessity of filing a claim upon it. The note does not depend for its effect upon some future event which may or may not happen. He further overlooks the fact that when a person gives a promissory note with a mortgage deed of real estate, the two being commonly called a mortgage, the note in that combination is the principal obligation, while the mortgage is secondary thereto. The former evidences an existing debt in express and definite terms; the latter represents the security that is given for the payment of that debt.

The sufficiency or insufficiency of the security does not affect in any way the character of the principal obligation, which is the note. Until the note is paid, it represents a definitely fixed debt of the maker. We know of no authority that supports complainant's contention, and none has been cited to us by him. We are therefore clearly of the opinion that Mooney's debt under the Bushnell mortgage was not a

contingent claim within the meaning of the statute upon which complainant relies.

By G. L. 1938, chap. 578, § 3 claims against the estate of a deceased person not filed in the probate court within one year from the first publication of notice to creditors to file their claims "shall be barred." *Kelly* v. *Harlow,* 51 R. I. 137; *Andrews* v. *O'Reilly,* 34 R. I. 256. A creditor who has failed to file his claim because of accident, mistake or unforeseen cause may file his claim "before distribution of the estate", subject to certain conditions. In the instant cause the first publication of notice to creditors to file their claims against Hugh Mooney's estate was on November 27, 1936. The executor's final account showing a distribution of that estate was allowed March 11, 1938.

Emma K. Bushnell died January 4, 1938, and shortly thereafter the complainant qualified as administrator of her estate. It was incumbent upon Emma K. Bushnell, who was fully competent, although aged and in poor health, and later upon her administrator, to protect the secured debt evidenced by Mooney's note and mortgage deed by filing in the probate court a claim, based upon such indebtedness, against Mooney's estate in accordance with the statute. Their failure to do so may have been due to error of law, or to a belief that enough would be realized from the sale of the real estate to fully satisfy the debt, or to some other cause. Whatever the reason for such failure may have been, the complainant is not entitled to the relief prayed for in the circumstances of this cause.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Charles R. Easton,* for complainant.

*James J. Fogarty, Jr., Voigt, Wright, Munroe & Clason,* for respondents.